UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

M-EDIF, *Members of EDIF; W. MJ Boyd, Founder*     )     C/A: 2:26-1467-RMG-TER
*also known as Wanda Boyd*,                         )
                                       Plaintiff,  )
vs.                                                )     Report and Recommendation
                                                   )
Donald J. Trump, President,                        )
MAGA, Inc.,                                        )
Federal Government,                                )
Maurene Ryan Comey,                                )
                                       Defendants. )
_____          )

This is a civil action filed by a *pro se* litigant, proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for her, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction

does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

**<u>DISCUSSION</u>**

Plaintiff brings this action *pro se* and appears to attempt to bring it in a representative capacity. *See* Complaint Caption ("Members of M-EDIF") and body of Complaint(Plaintiff as "Sean P Diddy Combs"). Only Plaintiff submitted a motion for *in forma pauperis*. Only Plaintiff signed the Complaint. *Pro se* litigants cannot represent others. "The right to litigate for oneself, however, does not create a coordinate right to litigate for others." *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005).

Plaintiff's request for relief is for Combs to have "case by trial to restore the civil and human rights of Mr. Combs." (ECF No. 1 at 6). Plaintiff lists injuries as "n/a." (ECF No. 1 at 5). Plaintiff alleges Combs has been attacked by the government and President Trump. (ECF No. 1 at 5). Plaintiff alleges this happened at the courthouse in New York. (ECF No. 1 at 4). Plaintiff indicates both *Bivens* and § 1983 as jurisdiction but then puts "?" as to what right is being violated. (ECF No. 1 at 4).

When a plaintiff proceeds *in forma pauperis*, the court has "the authority to 'pierce the veil of the complaint's factual allegations[,]' mean[ing] that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). As presented, Plaintiff's allegations are frivolous and this action is subject to summary dismissal.

## PREFILING INJUNCTION RECOMMENDATION

All of Plaintiff's actions in this court have been recommended for summary dismissal as frivolous. Plaintiff continues to file frivolous actions in a short period of time. *See* Nos. 2:26-cv-01182-RMG, 2:26-cv-01183-RMG, 2:26-cv-01467-RMG-TER, 2:26-cv-01468-RMG-TER. Plaintiff is a nonprisoner and has been proceeding *in forma pauperis* in these frivolous filings.

In light of Plaintiff's continuous frivolous filings, this Court considers the imposition of a pre-filing injunction in this court, tailored to Plaintiff's circumstances and filing proclivities. District courts have the inherent power to control the judicial process and to redress conduct that abuses that process. *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). When a litigant demonstrates a "continuous abuse of the judicial process by filing meritless and repetitive actions," a court is authorized to exercise its authority to employ appropriate sanctions on that litigant. *Cromer v. Kraft Foods N. Am. Inc.,* 390 F.3d 812, 818 (4th Cir. 2004). Prior to authorizing a limitation on filing, a court must weigh the following factors:

> (1) the party's history of litigation, in particular whether [s]he has filed vexatious, harassing, or duplicative lawsuits;
>
> (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass;
>
> (3) the extent of the burden on the courts and other parties resulting from the party's filings; and
>
> (4) the adequacy of alternative sanctions.

*Id.*

These factors are meant to assist the court in determining the likelihood that the litigant will "continue to abuse the judicial process and harass other parties." *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). In crafting a sanction, courts "must ensure that the injunction is narrowly

tailored to fit the specific circumstances at issue." *Cromer*, 390 F.3d at 818.

As to the first *Cromer* factor, Plaintiff's history of litigation, especially where vexatious, harassing, or duplicative, Plaintiff's actions have all been recommended for summary dismissal as frivolous. *See* Nos. 2:26-cv-01182-RMG, 2:26-cv-01183-RMG, 2:26-cv-01467-RMG-TER, 2:26-cv-01468-RMG-TER. Plaintiff made these filings in a short period of time from March 20, 2026, through April 7, 2026. When Plaintiff made the April 7 filings, Plaintiff would likely have already received the court's summary dismissal recommendation for frivolity filed March 24, 2026, yet Plaintiff continued to file frivolous actions and repeated attempts not to file in her own name. Plaintiff repeatedly sues President Trump and other government officials. The first *Cromer* factor weighs heavily in favor of the imposition of a prefiling injunction.

As to the second *Cromer* factor whether the party had a good faith basis for pursuing the litigation, or simply intended to harass, Plaintiff regularly sues political figures, and Plaintiff's allegations never state a claim and generally state her disdain for the current political climate. The second factor weighs against Plaintiff and in favor of the imposition of a prefiling injunction. There is no good faith basis for believing that Plaintiff's general facts as to the political climate and disdain for political figures will become meritorious simply because she raises them repeatedly and in different proceedings.

As to the third *Cromer* factor of the extent of the burden on the courts and other parties due to Plaintiff's filings, while Plaintiff has only filed a few cases and none have served opposing parties, Plaintiff has done so in a short time frame of eighteen days with no attempts at correction when filing a new action based on the prior recommendations of dismissal. Valuable time has been spent processing Plaintiff's cases and a district court judge must review Plaintiff's frivolous actions and draft

4

further orders of dismissal. *Green v. Prince George's Cnty. Off. of Child Support*, 641 B.R. 820, 843 (D. Md. 2022), *aff'd,* 2023 WL 3051812 (4th Cir. Apr. 24, 2023). Limited resources of the court "should not have to be spent again and again dealing with" Plaintiff's repetitious and frivolous actions. *Id.* "While the court accepts its burden of separating wheat from ever increasing chaff, such practices of litigants strain the limited resources of the court system." *Haggins v. Tarwater,* 2013 WL 1319400, at *2 (W.D.N.C. Mar. 29, 2013). Meritless lawsuits by their nature waste "time, energy, and resources." *See Doe v. Crouch*, 2023 WL 2711632, at *7 (S.D.W. Va. Mar. 30, 2023), *aff'd*, 2023 WL 4839360 (4th Cir. July 28, 2023). The third *Cromer* factor weighs in favor of the imposition of a pre-filing injunction.

As to the fourth *Cromer* factor of existence and adequacy of less restrictive sanctions, repeated summary dismissals and explanations as to each of those dismissals have proved inadequate as Plaintiff has continued filing frivolous actions. Plaintiff is not barred from filing any action by subject matter of the action/claim; it is simply recommended Plaintiff not proceed *in forma pauperis*.

It is recommended to the district judge that a prefiling injunction be imposed with the following requirements: the Clerk is not required to accept any filing where Plaintiff is not pursuing claims with herself[1] as Plaintiff(upon receipt, the Clerk will mail back a deficiency notice where Plaintiff may correct the filing as to the Plaintiff within 14 days); Plaintiff is required to submit the full filing fee to the Clerk at the time of her initial filing and may not proceed *in forma pauperis*; and Plaintiff must submit a signed affidavit under penalty of perjury certifying the action is not frivolous. The

---

[1] Every action by Plaintiff has been attempts to pursue actions in the names of others where she is the only person who signs the Complaint and signs the *in forma pauperis* motion. *Pro se* litigants cannot represent others. "The right to litigate for oneself, however, does not create a coordinate right to litigate for others." *Myers v. Loudoun Cty. Pub. Sch*., 418 F.3d 395, 400 (4th Cir. 2005).

recommended procedure in the future is: If a filing by Plaintiff is not accompanied by a full filing fee, the Clerk authorized to assign a civil action number (for docket control purposes) and the United States Magistrate Judge will forward the case to the assigned United States District Judge for an order of dismissal without prejudice and without issuance and service of process. In any case where an order of dismissal is entered based on the above prefiling restrictions, the only document that may be filed by Plaintiff after the order of dismissal is entered is a notice of appeal.

This report and recommendation provides notice to Plaintiff of the recommendation that prefiling restrictions be entered and provides her an opportunity to be heard regarding the imposition of a prefiling injunction.

### <u>RECOMMENDATION</u>

It is recommended that the District Court dismiss this action *with prejudice and without issuance and service of process*. Should the United States District Judge adopt this recommendation, it is further recommended that an order restricting Plaintiff's ability to file additional actions in this district be entered as set forth above.

Based upon the foregoing, in accordance with *Cromer*, this Report and Recommendation is NOTICE to the plaintiff that the undersigned has recommended that prefiling restrictions be entered against her.  Plaintiff is directed that specific written objections to this recommendation must be filed within fourteen (14) days of this Report and Recommendation.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 10, 2026
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).